**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DEBBIE ANN JENKINS**                                                                                 **PLAINTIFF**

**V.**                                                    **NO. 4:21-CV-21-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                          **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of a September 29, 2020, final decision of the Commissioner of the Social Security Administration (the "Commissioner") finding that the Plaintiff was not disabled. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] For the following reasons, the Commissioner's decision is affirmed.

### I. Procedural Background

On October 16, 2019, Plaintiff protectively filed applications for Title II disability insurance benefits and Title XVI supplemental security income payments under the Social Security Act (Act), 42 U.S.C. §§ 401, 1381 et seq., alleging disability beginning on May 1, 2018. *See* Tr. 15, 188-96. The Commissioner denied Plaintiff's applications initially and on reconsideration. *Id.* at 15, 70-99. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

was held on September 15, 2020. *Id.* at 15, 37-68, 144. On September 29, 2020, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 12-22. Plaintiff requested review of the ALJ's decision by the Appeals Council. *Id.* at 176-84. On December 16, 2020, the Appeals Council denied review of the ALJ's decision. *Id.* at 6-11. Thus, the ALJ's decision is the Commissioner's final administrative decision subject to judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481.

## II.     Standard of Review

Judicial review of the Commissioner's final decision of not disabled is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision, and (2) whether the decision comports with relevant legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). The Commissioner's factual findings shall be conclusive if substantial evidence supports them. 42 U.S.C. § 405(g). Substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation and internal quotations omitted). The Commissioner's regulations set forth a five-step sequential evaluation process that must be used to assess whether the claimant meets the definition of disability. *See* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4).

Applying the sequential evaluation process, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since her alleged disability onset date, May 11, 2018, but the ALJ further noted that Plaintiff's 2019 earnings were only $29 below SGA. Tr. at 16-17. At step two, the ALJ found that "epilepsy, small tendon tear in the left shoulder, diabetes mellitus, hypertension and obesity" were severe impairments. *Id.* at 18. At step three, she found that Plaintiff's impairments, either singly or in combination, did not meet or medically equal any impairment for presumptive disability in the Listings. *Id.* Next, the ALJ determined that Plaintiff

had the RFC to perform light work except, she "can lift and carry 20 pounds occasionally and ten pounds frequently. She cannot climb ladders, ropes and scaffolds, work at unprotected heights, or work with or near hazardous machinery. In addition, [Plaintiff] can occasionally reach with the left upper extremity, which is her non-dominant upper extremity." *Id.* at 18-21. Next, based on the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work as a mortgage accounting clerk, a sedentary, semi-skilled job, both as generally and actually performed Tr. at 21-22; *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). Accordingly, the ALJ ended her review, concluding that Plaintiff was not disabled during the relevant period, May 11, 2018, through the date of the decision, September 29, 2020. Tr. at 22.

### III. Law and Analysis

On appeal here, the Plaintiff makes the following argument: the ALJ failed to properly consider the evidence of record concerning memory loss and/or headaches.[2] In support of her argument as concerns memory loss, Plaintiff asserts "[t]he medical evidence of record clearly states: 'Her memory is off at times…' This impairment was not even discussed in the ALJ's hearing decision." Pl. Br. at 4. Regarding headaches she asserts, "[t]he ALJ did not even consider this Plaintiff's headaches to be severe much less account for their frequency in the Plaintiff's RFC…. In the hearing decision, the only real reference to the Plaintiff's headaches was when the ALJ stated, 'There is also no evidence of frequent emergency room visits for headaches.'" *Id.* at 6. For her argument concerning headaches the Plaintiff states

> at the hearing the following relevant exchange sheds light on the frequency and severity of this Plaintiff's migraines/headaches:
> Q. Okay. So how often are you having them [headaches] now, since you started the medication?

---

[2] Plaintiff also makes a single vague reference to mental health issues, but she did not allege any mental health impairment in her application materials or in her hearing testimony. In fact, in her brief, Plaintiff does not specify a mental impairment, much less cite any evidence of record supporting her new allegation. Pl.'s Br. at 4.

> A. I may have one, maybe once or twice a month. And not—you know, not like I was having them at that time. I was having one every day.
> Q. Okay Do—so when you do have them once or twice a month, how severe are they? What do you do, when you have one? (TR 46-47).
> A. Well they, they're severe enough for me to have to lay down, down for that day, you know, until I start to feel better.
> Q. How long do they normally last, do you know?
> A. Normally they'll last, you know, maybe five or six hours. You know, I may take— because when I was in the hospital, they told me to, you know take Aleve, and try to switch out with Motrin. That's what my doctor said. I still do that, you know, so I add something to it, just take, you know, the medication that I have from the doctor.

*Id.* at 7.

As explained below, the court finds that there was no legal error here and the RFC is supported by substantial evidence. First, as concerns memory loss, Plaintiff asserts the "medical evidence of record clearly states: 'Her memory is off at times. . . .'" *Id.* at 4. But as the Commissioner points out, a medical source recording a claimant's subjective complaints does not convert those complaints to objective medical evidence. *Greenspan v. Shalala*, 38 F.3d 232, 237-38 (5th Cir. 1994).

Here, as the Commissioner argues, the objective medical evidence does not support Plaintiff's subjective complaint. After documenting her complaint of memory issues, NP Callahan objectively observed that Plaintiff's mental status was alert and oriented x 4, and her affect was normal. Tr. at 409. Tellingly, NP Callahan did not assess any memory loss or mental impairment Tr. at 409-10. In fact, during the October 24, 2019 examination, Plaintiff denied mental status changes, recent mood changes, auditory/visual hallucinations, or changes in her mentation. Tr. at 410. On July 9, 2020, Plaintiff denied any memory impairment. Tr. at 485. During that visit, Bahati Harden, M.D., observed that Plaintiff was normal mentally, fully oriented, and she had an

appropriate mood and affect. Tr. at 486. Regarding her cognition, the objective examination findings from a July 14, 2020 visit show that Plaintiff "followed directions and participate[d] in evaluation thoroughly." Tr. at 511. In short, Plaintiff has not directed the Court to any evidence showing that her alleged memory loss caused functional consequences beyond the RFC the ALJ determined.

Secondly, as concerns headaches, Plaintiff argues that the ALJ's not finding her headaches severe and not relying on her hearing testimony regarding the alleged frequency of her headaches was error. Pl.'s Br. at 5-7. However, the record reflects the ALJ properly considered all of the evidence in determining Plaintiff's RFC, and the evidence does not support limitations beyond those the ALJ assessed. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) (providing that claimants bear the burden of showing the functional limitations caused by their medically determinable impairments). In particular, the record reflects a single emergency room visit in August 2019 for headaches and a follow up office visit on August 12, 2019. Pl.'s Br. at 6; Tr. at 303, 307, 324. Given that lone emergency room visit, the ALJ correctly found that there was "no evidence of frequent emergency room visits for headaches." Tr. at 21. Lack of treatment is an indication of nondisability. *Villa v. Sullivan*, 895 F.2d 1019, 1024. Here, Plaintiff has not argued, much less cited any supporting evidence, that she was prescribed medication for headaches, and had drowsiness, dizziness, nausea, vomiting, blurred vision, or light or sound sensitivity. Plaintiff's reliance on such scant evidence as she cites to argue that "[h]eadaches are consistency [sic] documented in the medical records" is unpersuasive and does not support Plaintiff's claim of error.

Finally, in addition to a lack of objective evidence of more limiting headaches, Plaintiff's own reports to her medical providers support the ALJ's decision. For example, on July 9, 2020, Plaintiff denied pain and was negative for headaches (Tr. 483, 485). During that visit, Bahati

Harden, M.D., did not diagnose headaches, and noted Plaintiff's report of no pain (pain scale 0/10). Tr. at 486-88. Moreover, Plaintiff repeatedly denied pain complaints during her physical therapy sessions on July 16, 2020; July 23, 2020; August 4, 2020; August 6, 2020; and August 11, 2020. Tr. at 514, 518, 524, 526, 528.

## Conclusion

In conclusion, there is no legal error and substantial evidence supports the ALJ's RFC assessment including her consideration of Plaintiff's alleged memory loss and headache complaints. For the foregoing reasons, the Commissioner's decision is affirmed.

**SO ORDERED**, this the 1st day of April, 2022.

*/s/* Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**